H. Paul Prigg v. Commissioner.
H. Prigg v. Commissioner
Docket No. 30889.
United States Tax Court
1952 Tax Ct. Memo LEXIS 91; 11 T.C.M. (CCH) 927; T.C.M. (RIA) 52273; September 8, 1952
*91 Held: Petitioner has not proved that certain notes became worthless in 1945. H. Paul Prigg, pro se. James R. Harper, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Respondent determined a deficiency in income tax for 1945 in the amount of $950.18. The only adjustment contested is the disallowance of a deduction for nonbusiness bad debts. Findings of Fact Petitioner resides in Miami, Florida. He filed an income tax return for the calendar year 1945 with the collector of internal revenue at Jacksonville, Florida. On the return he claimed the amount of $2,337.83 as a capital loss on account of the worthlessness of four notes dated in 1925, 1926, and 1927, stating: "These notes have been in the hands of attorney (Forrest Sullivan) for collection *92 since June 4, 1938, and he advises that he considers them to be totally uncollectible." Some years before 1925 petitioner had lived in Indiana and was there acquainted with a practicing veterinarian, one Dr. G. M. Reynolds. In 1925, 1926, and 1927 petitioner was a salesman engaged in selling real estate in Florida and had accumulated some money. In September 1925 he visited in Indiana. Dr. Reynolds offered to pay petitioner eight per cent interest on a loan. The veterinarian explained that he often had opportunities to buy run-down livestock at bargain prices, which he could restore to halth and sell at a profit. Petitioner loaned Dr. Reynolds $1,000 and received a note dated September 14, 1925, bearing eight per cent interest, payable on demand, at Converse, Indiana. After petitioner had returned to Florida, Dr. Reynolds wrote asking for another loan. Petitioner loaned $500 and received a note dated December 29, 1925, signed by Dr. Reynolds under seal, at eight per cent interest, payable 30 days after date, at Miami, Florida. In 1926 petitioner asked Reynolds for payment and was requested to wait. In 1927 and again in 1930 petitioner asked for payment and Reynolds replied that *93 he could not pay the notes. In 1932 petitioner sought advice of an attorney named Robinson who reported that he had contacted attorneys in Indiana and that Reynolds had asked for more time. Robinson advised petitioner to wait. Petitioner paid Robinson for this service. In 1938 petitioner placed the Reynolds notes, with the others here involved, in the hands of Forrest Sullivan, a Miami attorney. Sullivan from time to time informed petitioner that efforts to collect without suit were unsuccessful and that suit in Indiana would be expensive. In 1944 petitioner saw Reynolds in Indiana and was told it would be a hardship for Reynolds to liquidate other investments in order to pay petitioner. In 1945 petitioner was advised that the statutory period of limitations on suit had run. Petitioner then wrote Reynolds who replied that he was not going to pay. In 1926 petitioner was employed by the real estate firm of Tatum Brothers in Miami. One Arthur E. Harris, also an employee of the firm, asked petitioner for a loan of $435 and offered his note therefor dated July 7, 1926, bearing eight per cent interest, and payable August 15, at Miami. Petitioner made the loan and accepted the note. Shortly *94 afterward Harris left Miami. Petitioner later heard that Harris had lived in New Orleans for some time, but petitioner was never able to locate Harris and never had contact with him since shortly after the note was given. The Harris note was turned over to Sullivan in 1938, but no other action was taken toward its collection. In 1927 Paul W. Salt and Jules A. Theressa, partners doing business as Atlantic Plate Glass Co., owed petitioner the sum of $402.83 for material sold them by petitioner. They gave a joint note for this amount, dated August 4, 1927, payable in 90 days, in Miami, and bearing interest at eight per cent. Shortly thereafter they severed the partnership. Each of the former partners told petitioner that he would pay if the other did not. Theressa later moved to Indiana and petitioner saw him there once or twice, but was unable to effect collection. This note was turned over to Sullivan with the others, but collection was not effected. In March 1946, prior to the filing of petitioner's income tax return for 1945, Sullivan advised petitioner that he was informed by attorneys in Indiana that the statute of limitations had run against the Reynolds notes and that the *95 others appeared to be uncollectible and that fees and costs of obtaining judgments would probably be a loss to petitioner. The four notes described were never paid. They became worthless prior to 1945. Opinion Petitioner handled his case in person. He did so with sincerity and forthrightness. Nonetheless, he has the burden of proving that the notes became worthless in the taxable year 1945. This necessitates a showing they had value at the beginning of that year. Petitioner's evidence is wholly insufficient in this respect. The Reynolds notes were given in 1925. Petitioner asked for payment in 1926, 1927, and 1930 and paid a fee to an attorney for an unsuccessful effort in 1932 to effect collection. Petitioner placed the notes in the hands of another attorney in 1938. As late as 1944 the debtor reiterated his intention of paying and claimed inability to pay at that time. Petitioner was either unwilling to institute action, or his attorneys believed it useless. Apparently the debtor made promises but was unwilling to make partial payment or even to pay interest at any time during the many years petitioner held the notes. The period of limitations on actions on promissory notes *96 in Indiana is ten years (Sec. 295, Rev. Stats. 1914; Annotated Stats. 1926, sec. 302; Annotated Stats. 1933, 2-602). In Florida it is 20 years for a note under seal (Florida Statutes, Annotated, 1913, sec. 95.11). Under the facts shown we can ascribe no value to these notes at the beginning of 1945. The Harris note was given in July 1926. Since about that time petitioner said he never has had contact with Harris. Thus, at the beginning of 1945, approximately 18 years had passed since petitioner had been in touch with the maker. In the circumstances we cannot find that the Harris note had any value at the beginning of 1945. The record concerning the Atlantic Plate Glass Co. note is no more helpful to petitioner. It supports the inference we draw that the note was worthless before 1945. Shortly after the note was given in 1927 the partnership ceased business. The partners moved from Florida. The meager evidence indicates little, if any, contact thereafter between petitioner and Salt. There is certainty that petitioner was unable to locate either partner after 1938. The respondent is sustained. Decision will be entered for the respondent.